UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 0 5 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| Robert L. BLANKENSHIP § | |
| Petitioner, § | |
| § | Civil Action No. B-98-058 |
| vs. § | |
| § | |
| Wayne SCOTT, and Dan MORALES § | |

ORDER

    Upon careful consideration of Petitioner's Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. §2254 this court is of the opinion that such petition should be dismissed.

    Usually a review of the petitioner's exhaustion of his administrative remedies would be an issue for this court to consider. The respondents however have specifically waived consideration of this requirement as allowable under 28 U.S.C. §2254(b)(3)[1] This court therefore refrains from any discussion regarding the issue of exhaustion.

    Petitioner claims that violations of his Fourteenth Amendment right to due process occurred during several disciplinary hearings that took place at his place of incarceration. Specifically, Petitioner claims that the official who presided over the hearings was not ranked at the level required by Texas prison regulations. This court is of the opinion that there is no due process right to have a certain ranking official preside over prison disciplinary hearings.

    Due process claims arise when a petitioner's "liberty" interest is affected. This court finds that petitioner's loss of good time credit is a liberty interest invoking Fourteenth Amendment protections.[2] Disciplinary hearings involving such losses must be conducted in conformance with certain standards to protect those rights.[3] Petitioner has not alleged a

---

[1] See Respondent's Motion to Dismiss filed August 11, 1998 page 3.

[2] *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed2d 935 (1974). There have been discussions in the respondent's motion regarding the petitioner's solitary confinement and whether or not it involved a liberty interest. Discussion of this issue is irrelevant as this court finds that the entire petition is dismissed for failing to state a due process claim.

[3] *Id*. The *Wolff* requirements for a prison hearing are as follows: (1) that the defendant be provided with written notice of the charges not less than twenty-four hours before the hearing (2)

violation of any such fundamental due process right and has failed to state a claim that this court can remedy.

Due to the petitioner's failure to cite a violation of his right to due process, his petition is hereby DISMISSED. Accordingly, ALL PENDING MOTIONS ARE DISMISSED.

So ORDERED this **5th** day of February, 1999 in Brownsville, Texas.

Filemon B. Vela
United States District Judge

---

that a written statement as to the proceedings and evidence relied upon be made by the factfinders and (3) that the inmate be allowed to present evidence and call witnesses if not unduly hazardous.